**ZHAO MONG ZHOU, Petitioner,**

v.

**Alberto R. GONZALES, Department of Homeland Security, Sean Cenawood, United States Attorney's Office, Southern District of New York, Respondents.**

**No. 05–4024–ag.**

United States Court of Appeals, Second Circuit.

May 31, 2006.

David A. Bredin, New York, New York, for Petitioner.

Todd P. Graves, United States Attorney for the Western District of Missouri, Joel F. May, Assistant United States Attorney, Kansas City, Missouri, for Respondent.

PRESENT: Hon. RALPH K. WINTER, Hon. GUIDO CALABRESI, and Hon. PETER W. HALL, Circuit Judges.

## SUMMARY ORDER

Zhao Mong Zhou, though counsel, petitions for review of the BIA decision affirming Immigration Judge ("IJ") Philip Morace's decision denying his applications for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We assume the parties' familiarity with the underlying facts and procedural history of the case.

When the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *See, e.g., Twum v. INS,* 411 F.3d 54, 58 (2d Cir.2005); *Yu Sheng Zhang v. U.S. Dep't of Justice,* 362 F.3d 155, 158 (2d Cir.2004). We review questions of law and the application of law to fact *de novo. Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003). However, we review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see, e.g., Zhou Yun Zhang v. INS,* 386 F.3d 66, 73 & n. 7 (2d Cir.2004).

■ The IJ correctly determined that Zhou failed to establish past persecution, based on a single incident of interrogation in 1989 and his subsequent dismissal from his job. Zhou also admitted that his superiors most likely fired him in order to give his job to someone else, and only used his involvement in the democracy movement as a pretext to fire him. Therefore, he failed to establish past persecution, and was not entitled to the presumption of a well-founded fear of future persecution. *See* 8 C.F.R. § 1208.13(b)(1).

■ Moreover, substantial evidence supports the IJ's finding that he failed to establish a well-founded fear or a clear probability of persecution independently. Zhou remained in mainland China for six years after this incident, and in Hong Kong for another six years thereafter, but the Chinese government did not target him for any further harm in connection with his involvement in the 1989 democracy movement. Additionally, he did not indicate any further reason he might have come to the government's attention. Finally, because he failed to allege any particular circumstances that would suggest he was more likely than not to be tortured, substantial evidence supports the IJ's denial of CAT relief. *See Mu–Xing Wang v. Ashcroft*, 320 F.3d 130, 144 (2d Cir.2003).

For the foregoing reasons, the petition for review is DENIED. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(d)(1).